IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PlaceMKR LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Placemakr, Inc.,<br>Placemakr Hospitality, LLC<br><br>    Defendants. | §§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 1:25-cv-00048 |

**COMPLAINT FOR TRADEMARK**
**INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff PlaceMKR LLC files this Complaint against Placemakr, Inc. and Placemakr Hospitality, LLC, respectfully stating as follows:

**I. PARTIES**

1.  Plaintiff is a Texas limited liability company, with an office at 901 South MoPac Expressway, Suite 300, Austin, Texas 78746.

2.  Defendant Placemakr, Inc. is a corporation under the laws of Delaware, and Defendant Placemakr Hospitality, LLC is a limited liability company organized under the laws of Delaware (Both Defendants collectively, "*Placemakr*"). Placemakr has a principal place of business at 1701 Rhode Island Avenue Northwest, Washington, District of Columbia 20036. Placemakr does business in Texas, including by offering short term apartment rentals and temporary lodging services in Austin and San Antonio, Texas. Placemakr Hospitality, LLC maintains a registered agent for service in the state of Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 East Seventh Street, Suite 620, Austin, Texas 78701.

3. Upon information and belief, Defendant Placemakr Hospitality, LLC is a wholly-owned subsidiary of Defendant Placemakr, Inc.

## II. NATURE OF THE ACTION; JURISDICTION OF THE COURT

4. This is an action for (i) trademark infringement, (ii) unfair competition, (iii) false designation of origin, and/or (iv) false or misleading description or representation of fact under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq*. This is also an action for unfair competition and common law trademark infringement under Texas law.

5. This Court has jurisdiction over the action under the Trademark Act of 1946, 15 U.S.C. §§ 1121 and 1125(a), and under the Judicial Code of the United States, 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are intertwined with the federal claims and form part of the same case and controversy as the federal claims.

6. This Court has personal jurisdiction over Defendants under Texas Civil Practice and Remedies Code section 17.042 and the United States Constitution. Defendants operate a business in the state and recruit persons for employment in the state. Additionally, as alleged further below, Defendants have committed and continue to commit torts, including trademark infringement and unfair competition in Texas.

7. Defendants have minimum contacts with Texas that satisfy due process considerations because they continually do business in Texas, market and advertise their services in Texas, and own and operate apartment complexes and temporary lodging facilities in Texas. Plaintiff's claims herein arise from, and relate to, such contacts. Because Defendants have purposefully availed themselves of the benefits and protections of Texas law, exercising jurisdiction over Defendants in Texas comports with traditional due process notions of fair play and substantial justice.

8. Venue is proper in this District under 28 U.S.C. § 1391. Defendants operate one or more business offices in this District and is subject to this Court's personal jurisdiction. Additionally, upon information and belief, a substantial part of the events giving rise to the claims herein occurred in this District.

### III. PLAINTIFF, ITS BUSINESS, AND ITS MARKS

9. Plaintiff and its related subsidiaries (collectively, "***PlaceMKR***") is a real estate private equity firm, that has used and expanded use of their word mark PlaceMKR (the "***PlaceMKR Mark***") in connection with real estate investment and development services, asset management, and property management since as early as 2018. Plaintiff's real estate private equity firm raises capital from investors to buy, develop and sell real estate properties.

10. Since beginning in Texas in 2018, Plaintiff has expanded its use of the PlaceMKR Mark. After completing its first real estate transaction in 2019 with a real estate fund headquartered in New Jersey, PlaceMKR has continued to grow, having completed real estate transactions involving land, residential, commercial office and retail, as well as industrial properties.

11. In addition, PlaceMKR has continued to expand its activities outside the state of Texas. By seeking investors nationwide, making real estate development proposals in many states, and routinely appearing at real estate investment and development trade conferences and events, Plaintiff has exposed the PlaceMKR Mark to relevant consumers throughout the United States. Today, Plaintiff engages in real estate investment services with investors residing in Connecticut, New York, New Jersey, Texas, Montana, California, and the District of Columbia. Moreover, Plaintiff continues to actively market its real estate investment and development opportunities to investors and capital partners nationwide.

12. Through its continued success, PlaceMKR is currently invested in the ownership and development of over 1000 multifamily/rental units, over 1 million square feet of commercial property, and holds over 400 acres of land holdings. Screenshots of Plaintiff's website are attached as composite **Exhibit A**.

13. Also due to its success, Plaintiff has received positive media attention since at least as early as 2019, an example of which is attached as **Exhibit B**.

14. Plaintiff has extensively promoted its services offered under the PlaceMKR Mark. As a result of the goodwill created in the PlaceMKR Mark, the Mark is recognized as a designation of the quality real estate investment and development services offered by the Plaintiff, especially within the state of Texas, but also throughout the country.

15. The PlaceMKR Mark and the goodwill associated therewith, is a valuable commercial asset of Plaintiff.

## V. DEFENDANTS AND THEIR ACTIVITIES

16. Defendants operate as a real estate investment firm that that acquires real estate and generally develops it for use as temporary lodging apartment complexes and hotels.

17. Before March 2022, Defendants operated under the name and mark WHYHOTEL, but in March 2022 Defendants rebranded under the name and mark PLACEMAKR. Upon information and belief, Defendants did not yet provide services under the PLACEMAKR Mark in Tennessee or Texas in 2022, but initially offered its services in New York, Maryland, Georgia, and the District of Columbia.

18. Between August 24, 2021, and February 9, 2022, Defendants filed three trademark applications with the United States Patent & Trademark Office ("*USPTO*") for the mark PLACEMAKR, claiming "rental of short-term furnished apartments," "providing temporary lodging services in the nature of an apartment-based lodging," "hotel accommodation services,"

4

and "software as a service (SaaS) featuring software for real estate management." The applications were assigned Application Serial Nos. 90/900,077, 97/975,443, 97/260,543, and 97/260,555.

19. While Application Serial Nos. 97/975,443 and 97/260,555 remain pending, Application Serial No. 90/900,077 matured into U.S. Registration No. 7,069,499 on May 30, 2023, 97/260,543, and Application Serial No. 97/260,543 matured into U.S. Registration No. 7,197,367 on October 17, 2023. Neither registration has obtained "incontestable" status. Information related to Defendants' PLACEMAKR registrations and applications are attached as composite **Exhibit C**.

20. Plaintiff became aware that Defendants had changed their name from WHYHOTEL to PLACEMAKR in or around April 2022, shortly after Defendants issued a series of press releases announcing Defendant's rebrand to PLACEMAKR. A copy of one such press release is attached as **Exhibit D**.

21. Concerned that Defendants' adoption and use of the PLACEMAKR mark would likely cause confusion with the pre-existing PlaceMKR Mark, Plaintiff contacted Defendants to inform Defendants of Plaintiff's senior rights in the PlaceMKR Mark. Plaintiff informed Defendants that if Defendants' activities were to continue expanding, under Defendants' newly-adopted PLACEMAKR mark, significant consumer confusion would eventually occur, and that Defendants' entry into the Texas geographic market would especially cause consumer confusion.

22. Despite Defendants' acknowledgement of Plaintiff's concerns, Defendants entered the Austin and San Antonio markets in the spring of 2024, marketing extended stay apartments and hotels under the PLACEMAKR mark, a screenshot of which is attached as **Exhibit E**.

23. Additionally, Defendants' website began to offer real estate development and investment services on its website under the name and mark PLACEMAKR INVESTMENTS, a screenshot of which is attached as **Exhibit F**.

24. Upon information and belief, Defendants' real estate investment services are targeting the same real estate equity investors, lenders, brokers, consultants, buyers and sellers to which Plaintiff markets its services.

25. Almost immediately upon Defendants' entry into the Texas market, Plaintiff began encountering numerous examples of actual consumer confusion, including customers of Defendants sending booking requests and complaints to Plaintiff, sending job applications to Plaintiff, and even showing up at Plaintiff's offices. In addition, many investors and consultants involved in business dealings with Plaintiff have called, expressing concerns about "Plaintiff's" real estate investments that were, in fact, Defendants' real estate investments.

26. The terms PlaceMKR and PLACEMAKR are identical in sound, and identical in appearance, with the exception of a second letter A, sharing eight letters. The marks are also highly similar in meaning and overall commercial impression.

27. Moreover, the terms PlaceMKR and PLACEMAKR both eliminate vowels from the word MAKER, providing an additional similarity in commercial impression between the marks.

28. In summer of 2024, Plaintiff demanded that Defendants either stop using the PLACEMAKR for its existing services, and that they expressly abandon their PLACEMAKR Registrations and Applications, or alternatively, assign their PLACEMAKR Registrations and Applications to Plaintiff and enter into a licensing agreement with the Plaintiff. Defendants have rejected Plaintiff's demands, refusing to take any action to avoid confusion with Plaintiff's Marks and resulting damage to Plaintiff.

29. Defendants' use of PLACEMAKR (the "*Infringing Mark*") in connection with real estate development, investment, management, and rental services is enabling Defendants to divert the recognition and resulting goodwill in Plaintiff's Marks acquired with long effort and substantial

expense by Plaintiff. This, in turn, allows Defendants to unfairly gain acceptance for Defendants' services and to profit from their distribution and sale by usurping and trading on Plaintiff's good reputation and goodwill rather than on the merits of Defendants' services.

30. Defendants' misappropriation of Plaintiff's Marks violates Plaintiff's intellectual property rights and unjustly enriches Defendants.

31. Moreover, Defendants' misappropriation of Plaintiff's Mark has led real estate lenders and investors to cancel meetings with the Plaintiff, stating that they are not interested in investing in "short term rentals." Apparently confused into thinking that Plaintiff's real estate investment services are actually Defendants' real estate investment services, these actions are causing damage to Plaintiff's profitability, ability to do business, and general goodwill.

32. Defendants' wrongful use of Plaintiff's Marks is likely to cause confusion, or to deceive potential customers who are likely to mistakenly assume that Defendants' services share a source or affiliation with, or enjoy the approval or sponsorship of Plaintiff. Defendants' acts constitute unfair competition under state and federal law. Because Plaintiff has absolutely no control over Defendants' use of Plaintiff's Marks, that improper use creates a risk of dilution of, and damage to, the goodwill associated with Plaintiff's Marks.

33. Plaintiff has hired undersigned counsel to represent it as a result of Defendants' tortious actions herein.

34. Plaintiff has agreed to pay undersigned counsel and the firm of Smith, Gambrell & Russell, LLP a reasonable fee for its representation in this matter.

## COUNT I

### FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT

35. Plaintiff realleges the allegations contained in paragraphs 1 through 34 of the Complaint as if set forth fully herein.

36. Plaintiff has common law rights in the PlaceMKR Mark for real estate development and investment services in Texas through its active real estate developments within the state of Texas, and for real estate investment services nationwide through its active solicitation, marketing efforts, and business activities and relationships with investors around the country.

37. Defendants are operating one or more extended stay apartment and hotel properties with the name PLACEMAKR in Texas, in addition to locations in Georgia, Tennessee, New York, Maryland, and the District of Columbia.

38. Defendants' acts, described above, constitute trademark infringement in violation of 15 U.S.C. § 1114, under Texas common law, and under the common laws of the states in which Defendants operate.

39. As a result of Defendants' actions, Plaintiff has suffered damages due to the mistaken association between Defendants' services and those provided by Plaintiff. Plaintiff is entitled to recover such damages.

40. Upon information and belief, Defendants' acts described above are willful and deliberate, entitling Plaintiff to enhanced damages, attorneys' fees and costs under 15 U.S.C. § 1117, and destruction of the infringing articles under 15 U.S.C. § 1118.

## COUNT II

## UNFAIR COMPETITION

41. Plaintiff realleges the allegations contained in paragraphs 1 through 34 of the Complaint as if set forth fully herein.

42. Defendants' use of PLACEMAKR for real estate investment, management, and hotel, apartment, and temporary lodging and accommodation services is likely to create the false perception in the public that such services are affiliated and/or connected with Plaintiff or are otherwise sponsored or endorsed by Plaintiff.

43. Defendants' acts constitute unfair competition in violation of 15 U.S.C. § 1125(a) and Texas and various state common law.

44. As a result of Defendants' actions, Plaintiff has suffered damages due to the mistaken association between Defendants' services and those operated by Plaintiff. Plaintiff is entitled to recover such damages

45. Upon information and belief, Defendants' acts are willful and deliberate, entitling Plaintiff to enhanced damages, attorneys' fees and costs under 15 U.S.C. § 1117, and destruction of infringing articles, signage, and activities under 15 U.S.C. § 1118.

## COUNT III

## PERMANENT INJUNCTION

46. Plaintiff realleges the allegations contained in paragraphs 1 through 34 of the Complaint as if set forth fully herein.

47. Defendants' actions in using PLACEMAKR in violation of Plaintiff's PlaceMKR Mark are wrongful and violate Plaintiff's legal rights in connection with its common law trademark rights.

48. Defendants' acts jeopardize the goodwill in Plaintiff's PlaceMKR Mark. Such acts are deceptive as to consumers and are continuing to cause irreparable damage to Plaintiff, for which there is no adequate remedy at law.

49. Though notified of their infringement, Defendants have disregarded Plaintiff's demands that they cease their unlawful actions, and persist in violating Plaintiff's rights for their own profit.

50. Plaintiff therefore requests that this Court grant Plaintiff a permanent injunction against Defendants, their agents, employees, servants, and others acting in concert with them, (i) prohibiting them from making further use of Plaintiff's PlaceMKR Mark or any mark confusingly

similar to Plaintiff's Mark, including but not limited to the Infringing PLACEMAKR mark; (ii) prohibiting them from marketing, offering, or distributing any materials containing the Infringing Mark or other marks that are confusingly similar to Plaintiff's PlaceMKR Mark; (iii) requiring Defendants to recall from all trade and distribution channels, any and all advertising and promotional materials bearing the Infringing Mark; (iv) requiring Defendants to cause the destruction of all signage and materials subject to this injunction; and (v) prohibiting Defendants from pursuing trademark registrations or registration applications for the Infringing Mark.

## COUNT IV

### CANCELLATION OF REGISTRATION NOS. 7,069,499 AND 7,197,367

51. Plaintiff realleges the allegations contained in paragraphs 1 through 34 of the Complaint as if set forth fully herein.

52. Defendant's trademark for PlaceMAKR (Reg. No. 7,069,499) (The '499 Registration) was registered on May 30, 2023.

53. Defendant's trademark for PlaceMAKR (Reg. No. 7,197,367) (The '367 Registration) was registered on October 17, 2023.

54. When Defendants applied for the 367 Registration and the 499 Registration, they falsely certified that "no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

55. In fact, when Defendants applied to register these marks in August 2021 and February 2022, Defendants knew, or should have known, that Plaintiff had been using its PlaceMKR mark for similar goods and services.

56. Plaintiff has suffered harm as a result of Defendant's '367 and '499 Registrations to include, actual confusion between Defendants' services and Plaintiff.

57. Accordingly, Plaintiff respectfully requests that this Court cancel the '367 and '499 Registrations.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter relief:

(i) Enjoining Defendants as provided above;

(ii) Ordering Defendants to file with the USPTO an express abandonment of U.S. Application Serial Nos. 97/260,555 and 97/975,443;

(iii) Ordering the U.S. Patent and Trademark Office to cancel U.S. Registration Nos. 7,069,499 and 7,197,367;

(ii) Ordering Defendants to file with this Court and to serve upon Plaintiff, within thirty days after entry of the injunction, a sworn written report setting forth in detail the manner in which Defendant has complied with the injunction;

(iv) Awarding Plaintiff damages pursuant to 15 U.S.C. § 1117(a) (including treble damages), as appropriate;

(v) Awarding Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

(vi) Awarding Plaintiff such other and further relief, legal or equitable, as the Court may deem appropriate.

Dated:  January 10, 2025.

11

Respectfully Submitted,

**Smith, Gambrell & Russell, LLP**

*/s/ Richard D. Rivera*
Richard D. Rivera
Attorney in Charge
Western District Bar No. 108251
Email: rrivera@sgrlaw.com
50 N. Laura Street
Suite 2600
Jacksonville, Florida 32202
(904) 598-6100 Telephone

Jason Paul Blair
Texas Bar No. 24112403
Email: jblair@sgrlaw.com
1055 Thomas Jefferson St NW
Suite 400
Washington, DC 20007
(202) 263-4300


ATTORNEYS FOR PLAINTIFF
PlaceMKR LLC